No. 14377

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

OSCAR CALLANT, RICHARD W.
JOSEPHSON AND STANLEY KALBERG,

                Plaintiffs and Respondents,

        -vs-

THE FEDERAL LAND BANK OF SPOKANE,
CLARENCE F. BIEHL, BETTY A. BIEHL,
KENNETH E. LEWIS AND JANET L. LEWIS,

                Defendants and Appellants.

Appeal from:   District Court of the Fourteenth Judicial District,
               Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellants:

        Ask and Pratt, Roundup, Montana
        Thomas M. Ask argued, Roundup, Montana

    For Respondents:

        Conrad B. Fredricks argued, Big Timber, Montana
        Fredricks and Josephson, Big Timber, Montana

                        Submitted:  March 21, 1979

                          Decided:  APR 24 1979

Filed: APR 24 1979

_____
                                  Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

In an action to condemn a private road, defendants appeal from an order of the District Court of Golden Valley County, granting plaintiffs' motion to tax costs and striking an expert appraiser's fee and attorney fees from defendants' memorandum of costs.

Plaintiffs brought an action to condemn a private road connecting their land to a county road, pursuant to section 93-9923, R.C.M. 1947, now section 70-30-107 MCA. At the time of this action, the statute appeared in the chapter of the 1947 Montana Code entitled "Eminent Domain". It provides as follows:

> "Private roads may be opened in the manner pre-
> scribed by this chapter, but in every case the
> necessity of the road, and the amount of all
> damage to be sustained by the opening thereof
> shall be first determined by a jury, and such
> amount, together with the expenses of the pro-
> ceeding, shall be paid by the person to be
> benefited." (Emphasis added.)

A jury trial was held on May 8, 1978. The jury found that the private road was necessary and awarded damages to de-fendants totaling $9,226. Defendants thereafter filed a memo-randum of costs and disbursements which included a $775 expert appraiser fee and $2,550 in attorney fees.

Plaintiffs filed a motion to tax costs contending that appraiser's fees and attorney fees are not part of "the expenses of the proceeding" within the meaning of the statute.

The District Court granted plaintiffs' motion and ordered that the expert witness fees and the attorney fees be stricken from the memorandum of costs. Defendants appeal.

The only issue in this appeal is whether expert appraiser fees and attorney fees are "expenses of the proceeding" to be paid by the condemnor in an action brought under section 93-9923, R.C.M. 1947, now section 70-30-107 MCA.

Plaintiffs argue that this appeal is controlled by our

decision in Tomten v. Thomas (1951), 125 Mont. 159, 232 P.2d 723, 26 ALR2d 1285. Tomten held that the word "expenses" in the phrase "expenses of the proceeding" in section 93-9923 was synonymous with the word "costs". Citing numerous authorities that in the absence of statute or agreement the word "costs" does not include attorney fees, Tomten concluded that neither did the synonym "expenses" include attorney fees. An order of the District Court striking that item from the condemnee's bill of costs was affirmed. Two justices dissented, conceding that attorney fees are not part of the taxable costs in the absence of statute or agreement authorizing them, but disputing the majority's conclusion that "expenses of the proceeding" meant the same as "costs".

Defendants argue that Tomten is no longer controlling because the 1972 Montana Constitution and two recently enacted statutes provide for an award of attorney fees and expert witness fees in condemnation proceedings. The 1972 Montana Constitution, Art. II, §29 provides:

> "Eminent domain. Private property shall not be taken or damaged for public use without just compensation to the full extent of the loss having been first made to or paid into court for the owner. In the event of litigation, just compensation shall include necessary expenses of litigation to be awarded by the court when the private property owner prevails." (Emphasis added.)

Section 93-9921.1, R.C.M. 1947, now section 70-30-305 MCA, provides:

> "The condemnor, shall within 30 days after an appeal is perfected from the commissioner's award or report, submit to condemnee a written final offer of judgment for the property to be condemned, together with necessary expenses of condemnee then accrued. If at any time prior to 10 days before trial the condemnee serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance, together with proof of service thereof and thereupon judgment shall be entered. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible at the trial except in a proceeding to determine costs. The fact that an offer is made but not

accepted does not preclude a subsequent offer.

> "In the event of litigation, and when the private
> property owner prevails, by receiving an award in
> excess of the final offer of the condemnor, the
> court shall award necessary expenses of litigation
> to the condemnee."

Section 93-9921.2, R.C.M. 1947, now section 70-30-306 MCA, provides in pertinent part:

> "(1) Necessary expenses of litigation as authorized
> by 70-30-305 mean reasonable and necessary attorney
> fees, expert witness fees, exhibit costs, and court
> costs."

Defendants contend that since the code chapter on eminent domain now includes a definition of "necessary expenses of litigation" which includes attorney fees and expert witness fees, therefore "expenses of the proceedings" under the statute here involved, which is a part of the same chapter in the code, also includes those items.

Plaintiffs urge that these statutes have no application to this case. They argue that the reference in the statutes to a commissioner's award or report and a final written offer limits the applicability of the statutes to actions brought under the general procedures for eminent domain, which are different from the procedures followed in actions to open private roads under section 93-9923. Plaintiffs also maintain that the above cited constitutional provision is not self-executing.

In ordinary eminent domain proceedings under our statutory scheme, a panel of commissioners is appointed to recommend the amount of compensation condemnees should receive. Sections 93-9901 et seq., R.C.M. 1947, now sections 70-30-101 et seq. MCA. If the condemnee is dissatisfied with the recommended amount he may appeal to the District Court. It is then that section 93-9921.1, R.C.M. 1947, now section 70-30-305 MCA, comes into play and the condemnor makes a final written offer. If the final offer is rejected, the matter goes to trial and only if the condemnee is

- 4 -

awarded a sum in excess of the final offer of the condemnor is the condemnee entitled to recover the necessary expenses of litigation.

The foregoing statutory scheme does not apply to actions brought under section 93-9923 for the opening of private roads. In such cases litigation occurs in every instance because the statute directs that the necessity of the road and the amount of compensation are to be determined by a jury. Plaintiffs argue that the new statutes awarding attorney fees and expert witness fees in the event of litigation are limited to ordinary eminent domain actions and have no application to section 93-9923 cases. Therefore, plaintiffs conclude, Tomten still controls and the court's order striking the appraiser fees and attorney fees from defendants' memorandum of costs must be affirmed.

From the plain import of sections 93-9921.1 and 93-9921.2 it does not appear that actions brought under section 93-9923 fall within their purview. Thus, if we accept the reasoning in Tomten, a decision in favor of plaintiff is compelled. In our opinion, however, the holding in Tomten was error. We specifically over-rule that holding.

The essence of the holding in Tomten was that the term "expenses of the proceeding" is synonymous with "costs". This conclusion was based primarily on two Washington cases: Fiorito v. Goerig (1947), 27 Wash.2d 615, 179 P.2d 316; and Chapin v. Collard (1948), 29 Wash.2d 788, 189 P.2d 642.

Fiorito held that attorney fees and accountant fees are not part of the costs of an action for an accounting of funds of a joint venture or partnership so as to permit recovery of those items by the plaintiff against the partnership or joint venture. Chapin held that accountant fees and attorney fees were not "costs" within the meaning of the Declaratory Judgments Act.

- 5 -

These cases simply hold attorney fees are not taxable as "costs" of the proceeding under general costs statutes or under specific statutes relating to the particular areas of law which the cases concern. They do not support the proposition for which they were cited in Tomten; viz., that "expenses of the proceeding" in section 93-9923 condemnation actions are synonymous with and limited to "costs" as the latter term is ordinarily used.

In our view the reasoning of the dissent in Tomten states the better rule. Justice Angstman reasoned "it was clear from the Constitution and statutes that a person who had his property taken from him against his will should be indemnified for expenses incurred in resisting the condemnation proceedings or in the proceedings for ascertaining the compensation to be paid, and that actually attorneys' fees are an expense in such proceedings and quite often, if not always, the principle item of expenses; also, that the framers of the constitution clearly contemplated that the expenses of a condemnation suit included the principal item of expense, namely attorneys' fees." 26 ALR2d 1295, 1298.

We recognize that in overruling Tomten we are reversing one of the seminal decisions on the exclusion of attorney fees and expert witness fees as expenses in condemnation proceedings and departing from a long line of cases that relied on its conclusion. 26 ALR2d 1295. Nonetheless, our re-examination of Tomten convinces us that it is fundamentally unsound. This is particularly so in light of the new statutory provision providing for an award to the condemnee of attorney fees and expert witness fees as "necessary expenses of litigation" in every other type of condemnation proceeding.

It has been held in some jurisdictions that even though attorney fees are provided for by statute in all other condemnation

proceedings, they are justifiably disallowed in a proceeding between private parties to establish a way of necessity because such private actions do not implicate the sovereign power of eminent domain in the same way as the taking of land by the state, e.g. Estate of Hampton v. Fairchild-Fla. Const. Co. (Fla. 1977), 341 So.2d 759. The rationale of such holdings is that in the case of the state taking private property there is an imbalance between the resources available to the parties which should be redressed by requiring the state to bear full financial burden of the individual whose property is being condemned, whereas in the case of a private road opening where two private parties are involved the imbalance is not present. Excerpts from the transcript of the Montana Constitutional Convention Vol. VII, pages 5631-5633, indicate that this imbalance underlay the adoption of Article II, §29, 1972 Montana Constitution.

Be that as it may we conclude that there was no intent on the part of the framers of the Constitution or the legislature to deny condemnees under section 93-9923 recovery of attorney fees and expert witness fees as "expenses of the proceedings" while all other condemnees are allowed those items as "necessary expenses of litigation". Denial of attorney fees and expert witness fees in section 93-9923 actions is most unjust in our view and not intended by either the Constitutional Convention or the Legislature. Tomten resulted in an award of $250 in damages to defendants but denied them the $750 in attorney fees they incurred through the statutorily mandated procedure, leaving them with the loss of their land, compounded by an additional monetary loss. We hold, therefore, that the term "expenses of the proceeding" in section 93-9923 includes expert witness fees and attorney fees.

We note that we recently cited Tomten for the proposition

that "costs do not include attorney fees." Higgins v. Montana Hotel Corporation (1979), ____Mont.____, ____P.2d____, 36 St. Rep. 531, 535. This holding remains undisturbed. Here we do not hold that "costs" include attorney fees but merely that "expenses of the proceeding" include attorney fees and witness fees under the statutes here involved.

The order of the District Court striking the appraiser fees, and the attorney fees from defendants' memorandum of costs is reversed. The cause is remanded to the District Court for a hearing to determine the reasonableness of the amounts requested. Each party shall bear his own costs and attorney fees in this appeal.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices