No. 80-60

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

THE STATE OF MONTANA, ACTING BY AND
THROUGH THE DEPARTMENT OF HIGHWAYS
OF THE STATE OF MONTANA,

                Plaintiff and Appellant,

vs.

THOMAS HELEHAN,

                Defendant and Respondent.

Appeal from:  District Court of the Second Judicial District,
              In and for the County of Silver Bow.
              Honorable James Freebourn, Judge presiding.

Counsel of Record:

    For Appellant:

        Daniel J. Sullivan, Highway Legal Department, Helena,
        Montana

    For Respondent:

        Daniels and Mizner, Deer Lodge, Montana

                    Submitted on briefs: May 27, 1980

                          Decided: *August 27, 1980*

Filed: **AUG 27 1980**

*Thomas J. Kearney*
                          Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The State, through its Department of Highways, appeals from a judgment of the Second Judicial District Court, Silver Bow County, awarding expenses of litigation in an eminent domain proceeding to Thomas Helehan.

The State's appeal is grounded on its contentions that: (1) Helehan's cost bill was not timely filed, (2) witnesses were not disclosed to the State prior to trial, (3) the State was not given a chance to depose some witnesses before trial, (4) there is no evidence to justify the attorney fees granted for Joseph Engel, (5) it is unlawful to grant more than one attorney fee in a condemnation case, and (6) the attorney fees granted here are in excess of the evidence.

Timely Filing of the "Cost Bill"

The condemnation case was tried by a jury from April 30, to May 3, 1979. A jury verdict in favor in the amount of $5,000.00 was rendered on May 3, 1979. On May 14, 1979, before the entry of judgment, Helehan's attorney filed a motion for determination of necessary expenses of litigation under section 70-30-306, MCA. On May 17, 1979, the State filed a motion to retax costs claimed by Helehan, upon the single ground that the cost bill was not timely filed.

Judgment on the cause was not entered until May 30, 1979. The judgment granted a total award and interest to Helehan of $7,468.62, but stated that Helehan had withdrawn from the deposit in the court beforehand the sum of $23,149.50 Therefore Helehan was required to pay to the State the excess sum of $15,680.88, with interest at the rate of $2.57 per day until paid. Notice of entry of judgment was mailed by the clerk of the court to each party on May 30, 1979.

-2-

The District Court overruled the objection to the time-
liness of the motion for necessary litigation costs upon the
ground that "time has never been of the essence of any
proceedings" in this condemnation matter. Thereupon the
court ordered payment by the State to Helehan of $3,450.00
for attorney Kermit Daniels, $2,052.00 for expert witness W.
J. Everly, $2,310.77 for expert witness Mel Rowley, and
$1,500.00 for Helehan's attorney Joseph C. Engel, III.

The State's position is that under State, By And Through
State Hwy. Com'n. v. Marsh (1978), 175 Mont. 460, 575 P.2d
38, the section which controls the timeliness of filing
bills of costs in condemnation cases is section 25-10-501,
MCA:

> "The party in whose favor judgment is rendered and
> who claims his costs must deliver to the clerk and
> serve upon the adverse party, within 5 days after the
> verdict or notice of the decision of the court or
> referee or, if the entry of the judgment on the
> verdict or decision be stayed, then before such entry
> is made, a memorandum of the items of his costs and
> necessary disbursements in the action or proceeding,
> which memorandum must be verified by the oath of
> the party, his attorney or agent, or the clerk of
> his attorney, stating that to the best of his know-
> ledge and belief the items are correct and that the
> disbursements have been necessarily incurred in the
> action or proceeding."

The State contends that it was too late for the filing
of Helehan's motion for necessary litigation costs under the
"5 days after the verdict" clause of the foregoing section.

In a prior case between these same parties, State, By
And Through Dept. of Highways v. Helehan (1977), 171 Mont.
473, 559 P.2d 817, the Highway Department appealed from a
default judgment against it taken in the District Court.
The default occurred because the Department had not appealed
from an assessment made by the Commissioners in the condemnation
case within the thirty days required by the then applicable

-3-

statute. The Department had in fact filed its appeal to the District Court thirty-four days following the Commissioners' decision. This Court held that Rule 6(a) and (e), M.R.Civ.P. had to be given effect in determining the time for filing the notice of appeal. Under those rules, a party required to take some action by virtue of papers served upon him by mail is granted three additional days to take the action, and in computing the time, Saturdays, Sundays and legal holidays are excluded under given circumstances. On that basis, this Court set aside a default judgment of $87,742.04 against the State.

The same rule that saved the State's assets from a default judgment in the prior case should apply to the other party in this case. May 3, 1979 fell on a Thursday. By excluding Saturdays and Sundays, and granting three additional business days because of the service by mail, the final day for service of Helehan's motion did not occur here until May 15, 1979. Therefore, his motion filed on May 14, 1979 was timely, if we assume that section 25-10-501, MCA applies, as the State contends.

Whether section 25-10-201, MCA is the statute governing the time for filing a motion for necessary expenses of litigation under section 70-30-306, MCA, is debatable. Attorney fees are not ordinarily recoverable as costs, Callant v. Federal Land Bank of Spokane (1979), ___ Mont. ___, 593 P.2d 1036, 1039, 36 St.Rep. 824, 829. With respect to witness fees, section 25-10-201, MCA, defining recoverable costs speaks of "legal fees" of witnesses which of course, would delimit the fees that might be paid to expert witnesses to the statutory amounts. The provisions of section 70-30-306, MCA, came about because of the 1972 Mont. Const., Art. II, §29, which requires

"necessary expenses of litigation" to be awarded when the private property owner prevails. Marsh, supra, should be recognized for its limited application insofar as recovery of such expenses of litigation is concerned. When the court there said that a statutory procedure for hearing arguments on claimed costs existed in section 25-10-501, MCA, it was referring to the procedure for determining items of costs other than attorney fees. 575 P.2d at 43. This Court was merely suggesting a method of procedure for determining necessary costs of litigation, which procedure is otherwise unprovided for in our statutes and which after all is not very different in aspect from any other factual dispute that must be settled by a court upon hearing. If we were to regard the motion in this case to determine the necessary expenses of litigation to be a "bill of costs", then perforce we would have to hold that the State here could not quarrel as to any item of claimed costs because its motion to retax the costs was limited simply to whether the filing of the motion was timely. Gahagan v. Gugler (1935), 100 Mont. 599, 606, 52 P.2d 150, 154.

We note for the attention of the legislature that legislation outlining procedures to be utilized in determining necessary expenses of litigation under section 70-30-306, MCA, would be helpful for the State and for private property owners.

Rowley and Everly

Mel Rowley, a draftsman and mining expert, was hired on behalf of Helehan by his attorneys. He prepared exhibits for use in the case but was never called as a witness. Rowley presented his summary of time spent in consultation with Helehan's counsel and in working on the case.

-5-

The State's objection to Rowley's fee is that he never testified as a witness, nor did he meet issues relating to the case at the time of the trial, and that his name was not disclosed through the ordinary discovery process as a witness.

Walter Everly is a consulting mining engineer in Butte. His expertise was required by Helehan to prepare for cross-examination of the State's witnesses, as well as to establish the value of Helehan's claim. He also submitted at the fee hearing, a summary statement showing the hours he had worked on preparation of his testimony and his research in obtaining records from the Highway Commission and the library at the mining college in Butte. The State's objection to Everly's fee is that although he was disclosed as a witness, the State was not permitted to get his deposition prior to trial or to discover what his opinions were prior to trial.

The District Court found that the fees billed to Helehan by the expert witnesses were reasonable and ordered payment by the State.

Of course, the reasonableness of the fees charged by expert witnesses is a matter for determination in the discretion of the District Court, and where substantial credible evidence exists to support the findings of the District Court, they may not be set aside by us unless clearly erroneous. Rule 52(a), M.R.Civ.P. We do not find any such abuse of discretion here, nor do we find that the amounts awarded are clearly erroneous.

As for the disclosure of witnesses, the record shows that on April 30, 1979, a proposed pretrial order by Helehan's counsel was acknowledged by counsel for the Highway Department wherein it appears that Helehan would offer three witnesses at the upcoming trial, including Mel Rowley. The record

-6-

does not reflect any complaint of prejudice on the part of the State by reason of the names of any witnesses supplied to it nor does the State complain of surprise in the record at or about the time of the jury trial, nor were any motions for continuance made with respect to such witnesses.

It is not necessary that the expert actually testify in order for the landowner to recover the cost of his expertise. The 1972 Mont. Const., Art. II, §29, contemplates full reimbursement to the landowner of his cost of litigation, and section 70-30-306, MCA, defining necessary expenses of litigation, includes exhibit costs as a necessary expense. Exhibit costs would certainly include the costs necessary to produce the exhibit.

We find no error in the allowance of the expert witness fees for Rowley and Everly to Helehan.

The Engel Fee

Joseph C. Engel III, was Helehan's attorney in the early stages of the condemnation proceedings, which originated in 1965. Engel's contract with Helehan for his services was on a contingent basis of one-third of the recovery. Engel represented Helehan through the early pleadings stage, through the Commissioners' hearing, and through the subsequent appeal to this Court. After the Commissioners' award of $87,742.00, Helehan withdrew $23,149.50 from the deposit by the Highway Department in the District Court. Helehan paid Engel approximately one-third of that amount, or $7,300.00. Thereafter, Helehan and Engel fell into disagreement, and Engel withdrew from the cause. It was at that point that M. K. Daniels was substituted as counsel for Helehan in the condemnation action.

-7-

Helehan claimed as an item of expense, the $7,300.00 he had already paid to Engel. No evidence was adduced at the hearing before the District Court as to a value of Engel's services. The District Court awarded Helehan $1,500.00 as attorney fees for Engel's services. The State objects to the amount allowed, on the ground that no evidence was introduced to support the award.

On this point the State is correct. The rule in this State is that an award of attorney fees must be based on a hearing allowing for oral testimony, the introduction of exhibits, and the opportunity to a responsible party to cross-examine the reasonableness of the attorney fees claimed. Marsh, supra.

Helehan claims that he is entitled to $7,300.00 for Engel's attorney fees. The record does not disclose what the State considers would be a proper fee for Engel. Whether that amount should be more or less than the $1,500.00 already granted by the court is a matter to be determined by the District Court on an evidentiary hearing after remand.

Daniels' Attorney Fees

In his motion to determine necessary expenses of litigation, Helehan asked for a total of $3,350.00 as attorney fees for M. K. Daniels. The District Court ordered $3,450.00. The State appeals on the ground that the award for Daniels is excessive.

Attorney Rex Henningsen testified that a reasonable attorney's fee for a day of trial in the Silver Bow County area is $350.00, and that $50.00 to $60.00 is a reasonable hourly rate. Attorney Daniels showed that he had thirty hours of work in the Helehan case in addition to the four days of trial. Using the highest of the Henningsen figures, reasonable attorney fees for Daniels would be $1,800.00 for his hourly

work and $1,400.00 for his four days of trial, or total fees of $3,200.00. The court's award is $3,450.00.

In the final analysis, the duty of fixing attorney fees in condemnation cases for the prevailing party falls upon the District Court. The purpose of the evidentiary hearing on attorney fees, required since Crncevich v. Georgetown Recreation Corporation (1975), 168 Mont. 113, 119, 120, 541 P.2d 56, 59, is to aid the court in its determination in exercising its discretion to fix reasonable attorney fees. The court, as a jury, is not bound absolutely to the testimony of expert witnesses. It can reduce or increase the figures submitted to it by experts as reasonable attorney fees and as long as its findings are not clearly erroneous, the determination made in its discretion will not be disturbed. Rule 59(a), M.R.Civ.P. Here, Daniels' fee must be reduced in any event to the $3,350.00 claimed by Helehan. Should we, on the basis that the permissible award is $150.00 higher than the expert's testimony, return the matter for further determination in the District Court? If for no other reason than the doctrine of de minimis, the matter of Daniels' fees should end here.

The Fees Awarded to Two Attorneys

The State finally contends that it was improper to award Helehan attorney fees for Daniels and also for Engel. The State contends that Helehan is entitled to be paid for but one attorney, and that award must be made either on the basis of Daniels' work or Engel's work, but not both.

The State's position cannot be sustained. The Constitutional provision protecting landowners in condemnation cases commands that all reasonable, necessary expenses of litigation be paid to the prevailing landowner. Engel's services to

-9-

Helehan were certainly necessary in the period of time that he represented Helehan in the condemnation proceedings. Likewise, after Engel withdrew as Helehan's attorney, the services provided by M. K. Daniels were likewise a necessary expense of litigation, for which Helehan as the prevailing party is entitled to recover. The work done by Daniels did not overlap that done by Engel, except insofar as it may have been necessary for Daniels to acquaint himself with his client's case. We see no prejudice to the State on this point, nor do we find substance in the contention that an award may be made only to one attorney in this case.

Accordingly, we affirm the District Court's award of witness fees to Rowley and Everly, and we reduce the amount of attorney fees allowed for the services of M. K. Daniels to $3,350.00. We remand the cause to the District Court for an evidentiary hearing on the value of the services rendered by Engel to Helehan in the condemnation case, for which value an award shall be made by the District Court to Helehan. Costs to Helehan.

_____
                    Justice

We Concur:

_____
        Chief Justice

_____

_____
            Justices

I concur in the foregoing opinion except that I would request that Attorney Engel be required to pay the attorney fees to M. K. Daniels out of the money he received when the deposit was made by the Department of Highways and the withdrawal was made by Helehan and Engel.

_____
                    Justice

-10-