*449 MR. JUSTICE McDONOUGH
delivered the Opinion of the Court.
Claimant Caldwell appeals the Workers’ Compensation Court’s order dismissing his claim for benefits from the Uninsured Employer’s Fund. We affirm.
On May 5, 1983, Caldwell suffered an industrial injury while working at Great Western Sugar in Billings, Montana. Great Western, a self-insured employer, accepted liability for Caldwell’s injury and paid temporary total benefits until February 23, 1985. Subsequently, Great Western Sugar went bankrupt and benefits ceased.
After benefits ceased, Caldwell petitioned for coverage from the Uninsured Employers’ Fund. The Workers’ Compensation Court denied coverage holding that at the time of the injury and thereafter, the claimant’s employer was not an uninsured employer. The issue on appeal is whether the court properly dismissed the Uninsured Employers’ Fund.
The matter presented by this appeal concerns the court’s conclusion of law defining who is and when an employer is an uninsured employer within the meaning of the Uninsured Employers’ statute as applied to the Uninsured Employers’ Fund. We will decide this issue accordingly. Statutory construction must give proper effect to legislative intent. Here, the question concerns the purpose and function of the Uninsured Employers’ Fund. Hendy v. Industrial Accident Board (1944), 115 Mont. 516, 146 P.2d 324. At the time of the injury, the law called for liberal construction of the Workers’ Compensation statutes, Section 39-71-104, MCA (1981), however, this does not mean that the clear meaning of the statute can be ignored, Olson v. Manion’s Inc., (1973), 162 Mont. 197, 510 P.2d 6.
Section 39-71-508, MCA, provides that an employee is entitled to a claim against the Uninsured Employers’ Fund if he “suffers an injury out of and in the course of employment while working for an uninsured employer as defined in 39-71-501.” (Emphasis added). Uninsured employer is defined by Section 39-71-501, MCA, as “an employer who has not properly complied with the provisions of 39-71-401.” Section 39-71-401 requires that employers “shall elect to be bound by the provisions of compensation plan No. 1, 2 or 3.” When Caldwell was injured, Great Western Sugar was not an uninsured employer, it was properly enrolled under plan No. 1 and paid benefits for approximately two years. Clearly, Caldwell was not injured while working for an uninsured employer. Therefore, Caldwell is not eligible to have a claim against the Uninsured Employers’ Fund. We *450 hold that the Workers’ Compensation Court properly interpreted the statutory law. Affirmed.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, WEBER and GULBRANDSON concur.