JUSTICE LEAPHART
concurring in part and dissenting in part.
¶37 I concur in the resolution of issues two and three. I dissent as to the resolution of issue one: Were the hours expended by the Slacks’ attorney and paralegal reasonable?
¶38 The DOT presented expert testimony from two witnesses, Mr. Dan Sullivan and Mr. Gary Christiansen. Both Sullivan and Christiansen are very experienced attorneys. Very few attorneys in the state have more experience in condemnation law than Mr. Sullivan. Mr. Sullivan has represented both the State and private landowners and has tried 120 condemnation cases to juries. After reviewing the history of this case, which was settled within nine months of the filing of the complaint and before exchange of appraisals or the holding of a condemnation commission hearing, he concluded that a reasonable amount of attorney time would have been approximately 48 hours.
¶39 Mr. Christiansen, an attorney of some 30 years experience, testified that he had tried four condemnation cases and had handled a condemnation case for another private property owner (the “Jump” case) on the same highway project. The “Jump” case involved some of the same issues as the Slack case and was resolved in roughly the same amount of time. The attorney fees were approximately $2,800. The majority points out that the Jump case, contrary to the Slack case, was resolved on the basis of the stipulated appraisal approach. It should be noted, however, that although the Slacks were not proceeding on the basis of stipulated appraisals, their claim was resolved before the exchange of any appraisals.
¶40 Christiansen testified that the Slacks’ counsel charged for excessive hours, charged duplicative hours and that he and the paralegal both charged 6.3 hours for a helicopter flight when the helicopter bill was for 1.1 hours. Christiansen also testified that the Slacks’ counsel and his paralegal both charged for the same task when the paralegal accompanied Mr. McGarvey to meetings. Mr. McGarvey testified that he had his paralegal accompany him to these meetings to coordinate the experts’ activities.
¶41 The DOT also points out that the paralegal billed for 38 hours of “reviewing the file,” spent 11.5 hours preparing for a meeting with an appraiser and charged over 20 hours for preparing drawings which duplicated work done by the Slacks’ engineers.
¶42 The Slacks were entitled to “necessary expenses of litigation” as defined by § 70-30-306, MCA. Section 70-30-306, MCA, provides that necessary expenses of litigation mean “reasonable and necessary attorney fees, expert witness fees, exhibit costs, and court costs.”
¶43 Although the District Court, in fixing attorney fees in condemnation cases “is not bound absolutely to the testimony of expert witnesses,” State v. Helehan (1980), 189 Mont. 339, 347, 615 P.2d 925, 930, the District Court here was presented with two exceptionally well-qualified expert witnesses, one of whom, Mr. Christiansen, resolved a condemnation claim on the same highway project for 1/10 the fees *498 awarded to the Slacks’ counsel. Both experts concluded that the hours were excessive and their opinions were not rebutted by any independent expert.
¶44 The District Court’s conclusion that the hours were reasonable and necessary was not supported by substantial evidence. I am left with a definite and firm conviction that the trial court made a mistake. Yellowstone II Dev. Group v. First Amer. Title Co., 2001 MT 41, ¶ 34, 304 Mont. 223, ¶ 34, 20 P.3d 755, ¶ 34. In my view, the award of $29,483 in attorney fees in a case which was resolved without a hearing and within nine months of filing the complaint and which involved a paralegal billing a significant number of hours for work which was duplicative of work performed by attorneys, engineers and appraisers was clearly erroneous.
¶45 For the above reasons, I dissent.
JUSTICE NELSON joins in the concurring and dissenting opinion of JUSTICE LEAPHART.