

DA 08-0251

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 131N

WAYNE RAMSEY,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 07-1415
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Wayne Roger Ramsey, self-represented litigant, Shelby, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General, Helena, Montana

Fred Van Valkenburg, Missoula County Attorney; Kirsten Pabst LaCroix,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  April 1, 2009

Decided:  April 14, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Petitioner Wayne Ramsey (Ramsey) appeals from an order of the Fourth Judicial District Court, Missoula County, denying his petition for postconviction relief. We affirm.

¶3 The State charged Ramsey with aggravated burglary, assault with a weapon, and misdemeanor theft, following his arrest on February 22, 2005. The State alleged that Ramsey broke into the trailer home of a person from whom he had no consent, took several items of personal property without permission, fled the scene when the owner detected him, and then pulled a gun on the owner to hasten escape. The District Court held a bench trial on September 13-14, 2005, after which the court convicted Ramsey on all charges. The court sentenced Ramsey to 45 years to the Montana State Prison, with 35 years suspended. We affirmed in *State v. Ramsey*, 2007 MT 31, 336 Mont. 44, 152 P.3d 710.

¶4 Ramsey filed a petition for postconviction relief on October 16, 2007. Ramsey alleged that the State had failed to disclose the identity of an exculpatory witness and that the State did not disclose a 911 recording of this exculpatory witness's telephone call. The State argued that it provided a recording of the witness's call as well as the 911 operator's notes that identified the caller by name.

2

¶5 Ramsey next alleged that counsel for the State threatened one of his witnesses with prosecution thereby potentially influencing the witness's testimony. The State points out that the court ended up granting use immunity to the witness and thereby obviated any concerns that the State may have threatened the witness.

¶6 Ramsey's petition also alleged that his trial counsel had provided ineffective assistance of counsel due to counsel's inexperience, the counsel's alleged change in trial strategy in seeking a bench trial as opposed to a jury trial, and counsel's failure to suppress the contents of Ramsey's backpack that the officers had seized at the time of his arrest.

¶7 Finally, Ramsey took issue with his designation as a persistent felony offender, the court's alleged use of a file from a dependent neglect proceeding involving him and his ex-wife, and argued that the trial court erred in determining that he did not have permission to enter the residence.

¶8 The District Court agreed with the State that procedural bars applied to Ramsey's claims regarding the alleged withholding of evidence and the alleged threatening of one of his witnesses by the State. Ramsey had failed to raise these issues on direct appeal. The court further agreed with the State that Ramsey had failed to identify any specific facts to support his claims of ineffective assistance of counsel. The court also determined that the doctrine of res judicata barred Ramsey's challenge to his persistent felony offender designation, the court's comments on the dependent neglect file, and the question of whether he had permission to enter the victim's home in that Ramsey already raised these same issues on direct appeal. Ramsey appeals.

¶9      Ramsey raises these same issues on appeal. Section 46-21-104(1)-(2), MCA, sets forth the statutory pleading requirements for seeking postconviction relief. A petition for postconviction relief must be based on more than mere conclusory allegations. It must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." *Ellenburg v. Chase*, 2004 MT 66, ¶ 16, 320 Mont. 315, 87 P.3d 473. A party alleging ineffective assistance of counsel must come forward with specific factual allegations that establish by a preponderance of the evidence that the party is entitled to relief. *Herman v. State*, 2006 MT 7, ¶ 44, 330 Mont. 267, 127 P.3d 422.

¶10     We review a district court's findings of facts for clear error. We review a district court's conclusions of law for correctness. *Halley v. State*, 2008 MT 193, ¶ 11, 344 Mont. 37, 186 P.3d 859. We review for correctness a district court's decision to dismiss a petition for postconviction relief as a matter of law. *Herman*, ¶ 13.

¶11     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court correctly applied procedural bars to Ramsey's claims. It is further manifest on the face of the briefs and the record before us that Ramsey has failed to meet his burden of proving by a preponderance of the evidence that his trial counsel provided ineffective assistance. *Herman*, ¶ 44.

¶12     We affirm.

4

/S/ BRIAN MORRIS


We Concur:


/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE