DA 08-0197

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 220N

STATE OF MONTANA,

> Plaintiff and Appellee,

v.

JAMES ARCHIE PATRICK III,

> Defendant and Appellant.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 05-0438
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Penelope S. Strong, Attorney at Law; Billings, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General; John Paulson, Assistant
Attorney General; Helena, Montana

Dennis Paxinos, Yellowstone County Attorney; Mark Murphy,
Rod Souza, Deputy County Attorneys; Billings, Montana

Submitted on Briefs:  June 17, 2009

Decided:  June 30, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On May 5, 2005, the Yellowstone County Attorney filed an Information charging James Archie Patrick III (Patrick) with two counts of assault with a weapon, one count of partner or family member assault, one count of intimidation, and one count of tampering with a witness. The charges arose from an incident that occurred on March 28, 2005, at Patrick's apartment in Billings, during which Patrick assaulted his girlfriend, Maria Martin, with a gun and a knife, beat her with his fists, and threatened to kill her children. Patrick later fabricated a story about the incident for Maria to tell to the investigating authorities.

¶3 Throughout the course of the protracted pretrial proceedings, five attorneys were appointed by the District Court or retained by Patrick at various times to provide representation in defense of the charges. Patrick, himself an attorney, was dissatisfied with the services of each appointed or retained defense counsel, accused them of ineffective assistance and misconduct, and eventually gave notice of his intent to represent himself. On May 2, 2007, the District Court held a hearing to consider

2

Patrick's request to proceed pro se. After confirming that Patrick's waiver of the right to counsel was made knowingly, voluntarily, and unequivocally, the court granted Patrick's request to represent himself and appointed attorney Raymond Kuntz as standby counsel.

¶4 Acting pro se, Patrick filed a motion and affidavit to disqualify the presiding judge, Judge Susan Watters, for cause. This Court assigned Judge Joe Hegel to hear the disqualification proceeding. On May 30, 2007, Judge Hegel conducted a hearing and denied Patrick's request to disqualify Judge Watters for cause.

¶5 Patrick filed numerous pretrial motions, including motions to suppress evidence, to exclude other acts evidence, and to dismiss for lack of a speedy trial. The District Court denied, in part, Patrick's suppression motions, overruled Patrick's objection to the other acts evidence, and denied Patrick's speedy trial motion.

¶6 A jury trial was held on October 22, 23, and 24, 2007. On the morning of the first day of trial, the District Court conducted an inquiry into Patrick's competence to stand trial. The District Court's inquiry was prompted by reports of Patrick's self-inflicted injuries at the jail the previous day. The District Court determined that Patrick was competent to proceed to trial. On October 24, 2007, the jury found Patrick guilty of all five charges.

¶7 On February 20, 2008, the District Court sentenced Patrick to consecutive prison terms totaling 61 years. The District Court's written judgment was filed March 25, 2008. Patrick filed a notice of appeal on April 16, 2008.

¶8 Patrick raises the following issues on appeal:

3

¶9 1. Did the District Court deny Patrick his constitutional right to counsel, due process, and human dignity during competency proceedings in this case?

¶10 2. Was Patrick's right to counsel and to proceed pro se impossibly intermingled, such that he was denied due process of law and a fair trial?

¶11 3. Was Patrick denied his day in District Court and due process with regard to his motion to disqualify Judge Watters?

¶12 4. Did the District Court err in denying the motion to suppress the third search warrant?

¶13 5. Was Patrick's right to a speedy trial violated?

¶14 6. Was Patrick denied a fair trial, and did plain error ensue, when improper expert testimony and prejudicial other crimes evidence was admitted at trial?

¶15 7. Did the District Court err by imposing a sentence of 61 years?

## DISCUSSION

¶16 The District Court concluded Patrick's self-inflicted injuries on the eve of trial, without more, did not raise a sufficient doubt as to his fitness to stand trial that would require the District Court to conduct a statutory competency hearing and to appoint counsel for Patrick. *State v. Bartlett*, 282 Mont. 114, 120-21, 935 P.2d 1114, 1118 (1997). The District Court's inquiry into Patrick's competency was adequate to confirm that Patrick had a rational and factual understanding of the proceedings.

¶17 The District Court's rulings with respect to Patrick's right to counsel and to self-representation were well within the court's discretion. The rulings were consistent with

4

this Court's precedent. *Halley v. State*, 2008 MT 193, 344 Mont. 37, 186 P.3d 859. The District Court made reasonable efforts to accommodate Patrick's various requests regarding his representation, including the assistance of standby counsel, and Patrick's rights to due process and a fair trial were fully protected.

¶18    Patrick's motion to disqualify the presiding judge for cause was properly considered and denied. Patrick had sufficient notice and a full opportunity to present his argument for disqualification, and the proceedings complied with the requirements of due process.

¶19    The District Court correctly denied Patrick's motion to suppress the evidence seized from his laptop computer. The search warrant was supported by probable cause to believe that the computer contained evidence relevant to the charge of witness tampering.

¶20    The District Court correctly applied the *Ariegwe/Barker* test in an exhaustive analysis of Patrick's motion to dismiss for denial of the right to a speedy trial.

¶21    The District Court did not abuse its discretion with respect to its rulings on the admission of other acts evidence and expert testimony on domestic violence. The evidence of Patrick's previous assault was offered for the proper purpose of establishing notice, and the expert testimony assisted the jury in understanding the evidence.

¶22    The District Court imposed a legal sentence within statutory parameters, and Patrick's arguments concerning the equity of the sentence must be presented to the Sentence Review Division.

¶23 We review for an abuse of discretion a district court's decision concerning appointment of counsel, *State v. Rose*, 2009 MT 4, 348 Mont. 291, 202 P.3d 749, and evidentiary rulings, including rulings on the admission of other acts evidence and expert testimony. *State v. Clark*, 2008 MT 419, 347 Mont. 354, 198 P.3d 809. We review a district court's findings of competence to determine whether substantial evidence supports the district court's decision that the defendant was fit to proceed to trial. *State v. McCarthy*, 2004 MT 312, 324 Mont. 1, 101 P.3d 288.

¶24 We review the denial of a motion to suppress and denial of a motion to dismiss for lack of a speedy trial to determine whether the District Court's findings of fact are clearly erroneous and whether the court's interpretation and application of the law are correct. *State v. Cotterell*, 2008 MT 409, 347 Mont. 231, 198 P.3d 254; *State v. Billman*, 2008 MT 326, 346 Mont. 118, 194 P.3d 58. We review criminal sentences for legality only. Equitable sentencing claims must be presented to the Sentence Review Division. *State v. Baker*, 2008 MT 396, 347 Mont. 159, 197 P.3d 1001.

¶25 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and record before us that substantial evidence supports the District Court's findings of fact and that the District Court's legal conclusions were correct.

¶26 Affirmed.

/S/ W. WILLIAM LEAPHART

6

We concur:


/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON