DA 12-0258

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 154N

TERENCE RICHARDSON PASSMORE,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:  District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC 06-60
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Terence Richardson Passmore, self-represented, Shelby, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General; Helena, Montana

Brett Linneweber, Park County Attorney, Livingston, Montana

Submitted on Briefs:  May 28, 2013

Decided:  June 11, 2013

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Terence Richardson Passmore (Passmore) appeals from the order of the Sixth Judicial District Court, Park County, that denied his petition for postconviction relief. We affirm.

¶3 A Park County jury convicted Passmore in 2007 of one count of felony sexual intercourse without consent and three counts of felony sexual assault. The District Court designated Passmore as Level I sex offender and sentenced him to Montana State Prison.

¶4 Passmore appealed his convictions based upon claims of preaccusation delay, prosecutorial misconduct, improperly admitted evidence, and the exclusion of character evidence. We affirmed. *State v. Passmore*, 2010 MT 34, ¶¶ 75-76, 355 Mont. 187, 225 P.3d 1229.

¶5 Passmore filed a petition for postconviction relief on September 14, 2010, and an amended petition on October 1, 2010. Passmore alleged claims of ineffective assistance of counsel and the improper exclusion of an exculpatory video. The District Court entered an order on March 29, 2012, in which it summarily denied Passmore's amended petition. Passmore appeals.

¶6     Passmore argues on appeal the District Court improperly failed to address all of the ineffective assistance of counsel claims through a full hearing when it summarily dismissed his petition. Passmore further argues that the court applied the incorrect legal standard when it addressed his claims of ineffective assistance of counsel. Passmore further contends that the District Court disregarded his additional claims of juror misconduct and statements allegedly made by the bailiff to the effect that witnesses had collaborated to provide false testimony at Passmore's trial.

¶7     We review for clear error findings made by the district court in the postconviction relief proceeding. *Halley v. State*, 2008 MT 193, ¶ 11, 344 Mont. 37, 186 P.3d 859. We review for correctness legal conclusions made by the district court when it dismisses a petition for postconviction relief. *Kelly v. State*, 2013 MT 21, ¶ 7, 368 Mont. 309, 300 P.3d 120.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court correctly applied the law to the claims raised by Passmore.

¶9     Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ PATRICIA COTTER

/S/ LAURIE McKINNON