FILED

November 26 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 11-0498

_____

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

JEREMY STEVEN MACGREGOR,

      Defendant and Appellant.

O R D E R

_____

On October 15, 2013, we issued an Opinion in the above-entitled action affirming the decision of the First Judicial District Court.

Appellant Jeremy Steven MacGregor (MacGregor) filed a Petition for Rehearing with this Court on November 8, 2013. While we denied the Petition for Rehearing, we determined to make minor changes to this Court's Opinion. The changes to the Opinion set forth below are reflected in the attached Amended Opinion. Accordingly,

IT IS ORDERED that paragraphs 24 and 50 of the Opinion in this matter are AMENDED as follows. Strikeouts are deleted and underlined language is added:

¶24 MacGregor complains that his attorney failed to form a strategy or contact him while he was at the Montana State Hospital. ~~But these complaints concerned his attorney's activity after he had been designated "standby counsel." Standby counsel does not constitute counsel for Sixth Amendment purposes. *Halley v. State*, 2008 MT 193, ¶ 22, 344 Mont. 37, 186 P.3d 859 (quoting *United States v. Taylor*, 933 F.2d 307, 313 (5th Cir. 1991). Because standby counsel does not fulfill the Sixth Amendment right to effective counsel, MacGregor cannot claim that standby counsel's action or inaction violated his right to effective assistance.~~ At the time the trial court ordered the competency evaluation, MacGregor already had requested to represent himself. The court deferred decision on MacGregor's request until the evaluation was completed. MacGregor later complained that "representation was forced upon him during the state's mental evaluation," while simultaneously criticizing Scott for failing to contact MacGregor while he was hospitalized. Given the District Court's familiarity with

1

MacGregor's requests and its decision to postpone ruling on MacGregor's motion to represent himself, it did not err in failing to conduct additional inquiry into his complaint.

¶50 MacGregor contends that the incorrect instruction prevented the jury from considering mitigated deliberate homicide as a charge, and this constitutes a miscarriage of justice. MacGregor alleges mitigation because he was intoxicated on marijuana and alcohol; he was upset about an incident where his dog knocked over his child; his child had been diagnosed with a minor ailment; he had fired someone recently; he had quit cigarettes, marijuana, and alcohol (although not that day); he had worked 60-hour work weeks; he had cut his hand; and his wife forgot their anniversary. But mitigating factors arise from some sort of direct provocation, not simply the buildup of stress and anger. *Hans v. State*, 283 Mont. 379, 399, 942 P.2d 674, 686 (1997). We have previously ruled that extreme intoxication does not constitute a mitigating factor, nor do the stresses that accompany living in hard times. *State v. Goulet*, 283 Mont. 38, 42, 938 P.2d 1330, 1333 (1997) (showing of intoxication or anger insufficient to support mitigation); *State v. Martin*, 2001 MT 83, ¶¶ 33-34, 305 Mont. 123, 23 P.3d 216 (unemployment, homelessness, pregnant girlfriend do not support mitigation). MacGregor presented no evidence demonstrating provocation of his anger other than the challenges that naturally accompany sobriety, fatherhood, and marriage. Nor did any of MacGregor's witnesses corroborate his involuntary intoxication defense.

IT IS FURTHER ORDERED that this Court's October 15, 2013 Opinion in this matter is amended as set forth above. An Amended Opinion is issued herewith.

The Clerk is directed to provide copies of this Order to all counsel of record.

DATED this _____ day of November, 2013.

_____
Chief Justice

2