No. DA 06-0028

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 66

WHIPPS, L.L.C.,

        Plaintiff and Appellant,

    v.

KAUFMAN, VIDAL, HILEMAN &
RAMLOW, P.C.,

        Defendant and Respondent.

APPEAL FROM:    The District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 2004-793A,
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Dale P. Trigg, Trigg Law Firm, P.C., Kalispell, Montana

        For Respondent:

            Tracy Axelberg, Christensen, Moore, Cockrell, Cummings and
Axelberg, P.C., Kalispell, Montana

Submitted on Briefs:  October 18, 2006

Decided:  March 13, 2007

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Whipps, L.L.C. (Whipps), as landlord, and Kaufman, Vidal, Hileman & Ramlow, P.C. (Kaufman), as tenants, entered into a commercial lease agreement. Shortly after taking possession of the premises Kaufman vacated them. Whipps sued for breach of a commercial lease and Kaufman filed a counterclaim for fraud and breach of contract. After offers and counter-offers were made, Kaufman tendered an Offer of Judgment pursuant to M. R. Civ. P. 68 (Rule 68). Whipps accepted the Offer and the District Court for the Eleventh Judicial District entered Judgment accordingly. Subsequently, Whipps moved for designation as prevailing party and for an award of attorney fees pursuant to the lease. The District Court denied the motion. Whipps appeals. We affirm.

## ISSUE

¶2 A restatement of the dispositive issue on appeal is whether the District Court abused its discretion by denying Whipps' motion for attorney fees.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In June 2004 Kaufman entered into a three-year lease with Whipps for commercial property in Kalispell, Montana. Approximately three months after taking possession of the premises, Kaufman vacated the premises, alleging the property was unacceptable for its needs. In November 2004 Whipps filed a complaint for breach of the lease, seeking unspecified damages. Kaufman filed a counterclaim for fraud, constructive fraud and breach of contract. It sought damages of $20,432.56. Among other things, the lease provided that in "an action . . . brought by Lessor or Lessee in unlawful detainer for rent or any other sums of money due under this lease, or to enforce performance of any of the

2

covenants and conditions of this lease, the losing party shall pay reasonable attorney fees of the prevailing party allowed by the court, together with court costs in any such action."

¶4 During ensuing discussions, Whipps claimed damages in the amount of $67,500.00 but agreed to settle for $34,000.00. Kaufman countered with an offer of $5,000.00. Whipps then reduced its settlement demand to $27,000.00. Subsequently, Kaufman tendered an Offer of Judgment under Rule 68, offering to allow judgment to be taken against it in the amount of $14,110.00 plus taxable costs accrued to the date of offer, totaling $220.00. The Offer further stated that it was "neither an admission that [Kaufman] is at fault or liable to [Whipps], nor that [Whipps] has suffered any damage."

¶5 Whipps accepted the Offer of Settlement, filing its Notice of Acceptance, Bill of Costs, and Request for Entry of Judgment on August 2, 2005. Judgment was entered accordingly on August 11, 2005. In September 2005 Whipps moved to be designated as the "prevailing party" under the lease, and to be awarded its attorney fees of $3,592.00 and a judgment filing fee of $45.00. The District Court denied Whipps' motion. Whipps appeals.

**STANDARD OF REVIEW**

¶6 We review a district court's determination of "prevailing" or "losing" parties for an abuse of discretion. We apply the same standard to a district court's grant or denial of attorney fees. A district court abuses its discretion when it acts arbitrarily, without employment of conscientious judgment, or in excess of the bounds of reason resulting in substantial injustice. *Pumphrey v. Empire Lath and Plaster*, 2006 MT 255, ¶ 9, 334

Mont. 102, ¶ 9, 144 P.3d 813, ¶ 9. *See also H-D Irrigating v. Kimble Properties,* 2000 MT 212, ¶ 61, 301 Mont. 34, ¶ 61, 8 P.3d 95, ¶ 61.

## DISCUSSION

¶7 Whipps challenges the District Court's ruling on three grounds: (1) the District Court incorrectly found that the terms of the Rule 68 Offer were "clear and unambiguous" and effected a waiver of Whipps' right to pursue attorney fees under the commercial lease agreement; (2) the District Court incorrectly concluded that Whipps was not the prevailing party under the contract; and (3) the District Court incorrectly determined that the language in the Satisfaction of Judgment operated as a waiver of Whipps' right to recover contractual attorney fees. Whether the court abused its discretion in determining that Whipps was not the prevailing party under the contract is the dispositive issue in this case.

¶8 To recover attorney fees in this case, Whipps must clear two hurdles: (1) it must have a right to attorney fees as the "prevailing party" under the contract, and (2) it must not have waived its right to pursue these fees when it accepted Kaufman's Rule 68 Offer of Judgment. If Whipps fails to clear either hurdle, it is not entitled to attorney fees.

¶9 The District Court concluded that under the circumstances of this case neither party was clearly the prevailing party; therefore, neither party was entitled to attorney fees under the contract. This conclusion was based on the court's interpretation of the contract and the compromise reached by the parties. As we stated in *H-D Irrigating*, ¶ 60, there is no prevailing party where both parties gain a victory but also suffer a loss. In the case before us, as noted by the District Court, Whipps gave up approximately 80%

4

of its original damage claim, agreeing to accept only 20%. Kaufman, on the other hand, gave up its counterclaim of approximately $20,400.00 but paid only 20% of Whipps' claimed damages, while denying liability. Under these circumstances, the District Court's determination that neither party "prevailed" was not an abuse of discretion. Therefore, the District Court's Order is affirmed on this ground.

¶10 Having determined that Whipps was not entitled to attorney fees as the "prevailing party" under the lease agreement, it was unnecessary for the District Court to determine whether Whipps had waived its right to pursue such fees. Nonetheless, relying on *Montana Fair Housing, Inc., v. Barnes*, 2002 MT 353, 313 Mont. 409, 61 P.3d 170, the District Court analyzed whether the Offer of Judgment by Kaufman contained "clear and unambiguous" language, effectively notifying Whipps that the settlement was a full and complete settlement, rather than a partial settlement that would allow Whipps to file a claim for its attorney fees.

¶11 In *Montana Fair Housing*, the Barneses were alleged to have violated the Montana Human Rights Act by denying equal housing opportunities to persons based on familial, age, and marital status. Under the Human Rights Act, the prevailing party was entitled to an award of attorney fees. The Barneses served a Rule 68 offer of judgment on Montana Fair Housing (MFH). MFH accepted it, and subsequently sought its statutory attorney fees as the prevailing party. The district court denied MFH's motion for fees, and MFH appealed. We reversed, holding that the Barneses' offer of judgment did not contain "clear and unambiguous" language that would alert MF H that an acceptance of the offer would result in a waiver of any claim for attorney fees; therefore, the court erred in

5

denying MFH's request for fees under the statute. Unlike the case before us today, in *Montana Fair Housing*, there was no dispute as to who was the prevailing party, and thus the sole question was whether the Rule 68 offer of judgment adequately put the accepting party on notice that an acceptance of the offer would result in a waiver of the right to recover attorney fees.

¶12 As noted above, relying on *Montana Fair Housing*, the District Court concluded that Kaufman's Rule 68 Offer of Judgment clearly and unambiguously indicated that it was not "a partial offer of judgment but was intended to settle both of [Whipps'] causes of action in their entirety." Kaufman's Offer of Judgment stated, in part:

> [Kaufman] hereby offers to allow judgment to be taken against it in the amount of $14,110.00, together with taxable costs accrued to date. This offer is made solely for the purpose set out in Rule 68, M. R. Civ. P., and is neither an admission that [Kaufman] is at fault or liable to [Whipps], nor that [Whipps] has suffered any damage.

¶13 We disagree with the District Court's conclusion that, under *Montana Fair Housing*, the offer of judgment "clearly and unambiguously" placed Whipps on notice that an acceptance would constitute a waiver of any right to pursue contractual attorney fees. Although we need not reach this issue in light of our decision affirming the District Court's conclusion that neither party was the "prevailing" party, we do so in order to provide guidance to practitioners who wish to utilize the Rule 68 offer of judgment in the future as a vehicle for dispute resolution. An offer of judgment should plainly, "clearly and unambiguously" alert the opposing party that an acceptance of the offer will resolve all counts and claims, including any claim for attorney fees.

6

## CONCLUSION

¶14 While concluding that the District Court incorrectly interpreted and applied *Montana Fair Housing*, we nonetheless affirm the District Court's decision on the independent ground that the court did not abuse its discretion by concluding that neither party was the "prevailing party."

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS

Justice Jim Rice concurs in part and dissents in part.

¶14 I concur in affirming the order of the District Court, but dissent from the Court's essential reversal of the District Court's holding regarding the interpretation of the Rule 68 offer of settlement.

¶14 First, the District Court's order is not correctly characterized in ¶ 10, which indicates that the District Court initially determined Whipps was not entitled to attorney fees as a "prevailing party" under the agreement, and thus, it was "unnecessary" for the District Court to reach the waiver issue, but "nonetheless" did. Actually, the District Court first took up the waiver issue and made it the primary focus of the decision, declaring it to be the "dispositive" issue, and holding:

> A review of the Plaintiff's Complaint, indicates in both of the claimed causes of action that Plaintiff was seeking a judgment for damages, attorneys' fees and costs. Clearly, the Defendants' offer was not a partial offer of judgment but was intended to settle both of Plaintiff's causes of action in their entirety and Plaintiff makes no argument to the contrary.

Relying on *Montana Fair Housing*, the District Court concluded that the Rule 68 settlement offer was unambiguous and that Whipps waived its claim to attorney fees by accepting the offer. Then, the District Court gave a brief, two sentence discussion about the other two issues (prevailing party and effect of the satisfaction of judgment). Thus, the waiver issue is the central issue and is appropriately addressed by this Court.

¶14 In reversing the District Court's conclusions, the Court fails to explain what about the offer made it ambiguous, particularly in light of *Montana Fair Housing*, which rejected a "magic-words approach" and held that an offer, to be clear and unambiguous, "need not include the words 'attorney fees' to effect a waiver." *Montana Fair Housing*,

8

¶ 18. Admittedly, the magic words were not used here, but that, by itself, does not render the offer ambiguous.

¶14 I agree with the District Court's conclusion about the offer, first, because that is the conclusion which would also be reached by the reasonable lawyer, working in the day-to-day world of litigation, who received such an offer. The offer allowed the Plaintiff to take judgment against the Defendants, plus costs, but explained that this would not constitute an admission of fault or liability. Such terms are customarily interpreted as resolving the case. Further, this offer was specifically made for purposes of Rule 68, which triggers a cost penalty to the offeree if the offeree rejects the offer and the "judgment finally obtained" is less than the offer. M. R. Civ. P. 68. Here, Plaintiff's claims included attorney fees, and thus, any judgment for attorney fees ultimately obtained, had the offer been rejected, would have been included in determining which party would suffer the payment of costs under Rule 68. Thus, attorney fees were necessarily already in the mix.

¶14 Looking to the circumstances surrounding the transaction, the parties had been negotiating by exchanging demands and offers in varying amounts until an acceptable figure was arrived at. After the Plaintiff's acceptance of the offer, a notice of acceptance and a judgment against the Defendant was filed. Payment was then made by the Defendant, after which a "full" satisfaction of judgment was filed by the Plaintiff. These actions simply reinforce the unambiguous meaning of the offer. To allow a party to interpret the offer and these circumstances as somehow preserving a claim for attorney

9

fees, in my view, encourages sharp practice and undermines the integrity of the settlement process.


/S/ JIM RICE