FILED

November 25 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0315

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 396

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

GENEVIEVE BAKER,

      Defendant and Appellant.


APPEAL FROM:   District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 06-291A
Honorable Stewart E. Stadler, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

      John R. Quatman; Quatman & Quatman, Whitefish, Montana

      For Appellee:

      Hon. Mike McGrath, Montana Attorney General;  J. Stuart Segrest,
Assistant Attorney General, Helena, Montana

      Ed Corrigan, Flathead County Attorney, Kalispell, Montana


Submitted on Briefs:  July 8, 2008

Decided:  November 25, 2008


Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Genevieve Baker pled guilty to two counts of vehicular homicide while under the influence of alcohol, and the Eleventh Judicial District Court, Flathead County, sentenced her to a total of 40 years in prison with 20 years suspended, subject to conditions. Baker appeals. We affirm.

¶2     We restate the issues as follows:

¶3     1. Did the District Court violate Montana's sentencing policies in sentencing Baker?

¶4     2.  Did the District Court violate Baker's constitutional rights in sentencing her?

¶5     3. Did the District Court violate §§ 46-18-201(4)(o) and -202(1)(f), MCA, by revoking Baker's driving privileges for 40 years?

BACKGROUND

¶6     On the afternoon of April 29, 2006, Baker was driving on U.S. Highway 2 west of Columbia Falls, Montana, when she lost control of her vehicle and slid into oncoming traffic. Baker's car hit a motorcycle driven by William Daniel Haller, Jr., killing him instantly. Baker's sister, who was a passenger in Baker's car, also died in the accident. Baker was injured and flown to a hospital, where a blood sample revealed that her blood alcohol level was more than twice the legal limit.

¶7     The State of Montana charged Baker with two counts of vehicular homicide while under the influence of alcohol, and Baker entered a guilty plea. At the sentencing hearing, the State presented many witnesses regarding the tragic loss of Haller's life. Two relatives of Baker's testified, on her behalf, that she had become a problem drinker and needed help.

2

Phoebe Titus, a chemical dependency expert who had interviewed Baker, testified on Baker's behalf that she concluded Baker was an alcoholic. Titus recommended that Baker undergo long-term alcoholism treatment in a structured environment.

¶8     The District Court sentenced Baker to 15 years in prison, all suspended, on the first count of vehicular homicide while under the influence, and 25 years in prison, 5 suspended, on the second count. The sentences are to be served consecutively. The court also imposed conditions, including one which prohibits Baker from operating a motor vehicle during her 40-year sentence. The court gave several reasons for the sentence it imposed, including the devastating loss incurred as a result of Baker's action, its great concern with Baker's reported inability to stop drinking even after the accident, and acknowledgement of the legislative determination that vehicular homicide is a more reprehensible crime than negligent homicide and, thus, subject to stricter statutory punishment. Baker did not object to any part of the sentence imposed. She now appeals.

## STANDARDS OF REVIEW

¶9     As a general rule, we review criminal sentences for legality only. Equitable claims must be presented to the Sentence Review Division. *See State v. Herd*, 2004 MT 85, ¶ 22, 320 Mont. 490, ¶ 22, 87 P.3d 1017, ¶ 22.

¶10     Under certain circumstances, we review sentencing conditions under a two-tiered procedure. We first review the condition for legality, to determine whether it falls within statutory parameters. If the condition is legal, we then review its reasonableness to determine whether the district court has abused its discretion. *See State v. Ashby*, 2008 MT

3

83, ¶¶ 8-9, 342 Mont. 187, ¶¶ 8-9, 179 P.3d 1164, ¶¶ 8-9; *State v. Hameline*, 2008 MT 241, ¶ 8, 344 Mont. 461, ¶ 8, 188 P.3d 1052, ¶ 8 (citation omitted).

¶11    As suggested above, however, such reviews depend initially on other considerations. We will review a sentence for legality even if the claim was not raised in the district court. *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979).  Conversely, we consider an argument that a sentencing condition was objectionable, but otherwise legal, only if the argument was raised in the district court.  *See State v. Kotwicki*, 2007 MT 17, ¶ 18, 335 Mont. 344, ¶ 18, 151 P.3d 892, ¶ 18.

ISSUE 1

¶12    **Did the District Court violate Montana's sentencing policies in sentencing Baker?**

¶13    Baker contends the District Court's 40-year sentence is illegal because it violates Montana's correctional and sentencing policies as set forth in § 46-18-101, MCA. Specifically, she asserts the lengths of her sentences are not understandable, commensurate with the punishment imposed on other persons committing the same offense or neutral with respect to her race, as required by § 46-18-101(3)(a), (b) and (c), MCA.

¶14    "A person convicted of vehicular homicide while under the influence shall be imprisoned . . . for a term not to exceed 30 years."  Section 45-5-106(3), MCA.  Here, the District Court sentenced Baker to fewer years in prison than allowed by statute for each of her two convictions of vehicular homicide while under the influence.  Her sentences are well within the statutory parameters as to length and, consequently, we conclude they are legal. *See Ashby*, ¶ 8.

¶15     Baker's contentions that the terms of incarceration violate statutory sentencing policies are equity issues, review of which lies with the Sentence Review Division, not this Court. *See State v. Legg*, 2004 MT 26, ¶ 53, 319 Mont. 362, ¶ 53, 84 P.3d 648, ¶ 53. As a result, we decline to consider this issue further.

ISSUE 2

¶16     **Did the District Court violate Baker's constitutional rights in sentencing her?**

¶17     Baker points out that the Eighth Amendment to the United States Constitution and Article II, Section 22 of the Constitution of the State of Montana guarantee against cruel or unusual punishment; Article II, Section 4 of Montana's Constitution guarantees equal protection of the laws and no discrimination by the State in the exercise of a person's civil or political rights on account of race; and Article II, Section 17 guarantees no deprivation of life, liberty or property without due process of law. Baker asserts her sentence of 40 years in prison with 20 years suspended violates all of these constitutional guarantees because, she claims, the court sentenced her based on her race. Stated differently, Baker contends the sentence is illegal.

¶18     In her opening brief, Baker advanced no case law and presented no legal analysis in support of her constitutional arguments. M. R. App. P. 12(1)f requires the argument section of an appellant's opening brief to contain the contentions with respect to the issues, the reasons therefor and citations to the authorities relied upon. The appellant bears the burden of establishing error by a trial court. *State v. Torgerson*, 2008 MT 303, ¶ 36, 345 Mont. 532, ¶ 36, 192 P.3d 695, ¶ 36 (citations omitted).

5

¶19    We conclude Baker has failed to establish that the District Court violated her constitutional rights in imposing terms of incarceration.

ISSUE 3

¶20    **Did the District Court violate §§ 46-18-201(4)(o) and -202(1)(f), MCA, by revoking Baker's driving privileges for 40 years?**

¶21    Section 46-18-201(4)(a) through (n), MCA, authorizes a sentencing court to impose certain "reasonable restrictions" on an offender during any deferred or suspended portion of a sentence. Sections 46-18-201(4)(o) and -202(1)(f), MCA, allow a sentencing judge to impose any other limitation on the sentence reasonably related to the objectives of rehabilitation and the protection of the victim and society. Baker contends—for the first time on appeal—that the condition that she not operate a motor vehicle during her entire 40-year sentence violates both of these statutes because it is neither reasonable nor reasonably related to the objectives of rehabilitation and the protection of the victims and society. Thus, she argues, the condition is illegal. Baker is incorrect.

¶22    In *Hameline*, ¶¶ 13-14, we clarified that challenges to sentencing conditions imposed under §§ 46-18-201(4)(o) and -202(1)(f), MCA, are to objectionable sentences rather than to illegal sentences. We do not review objectionable sentencing conditions on appeal unless the argument was raised in the district court. *See Kotwicki*, ¶ 18. Because Baker failed to contest the driving ban in the District Court, we decline to address her argument further.

¶23    We conclude that Baker, having failed to challenge this objectionable sentencing condition in the District Court, cannot raise the argument here.

¶24    Affirmed.

6

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART