FILED

November 25 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0161

DA 14-0161

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 310

GLEN AND JOHANNA WOHL et al.,

Plaintiffs and Appellees,

v.

CITY OF MISSOULA and JOHN DOES 1-20.

Defendants and Appellants.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 05-389
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Martin S. King, Worden Thane P.C., Missoula, Montana

Jim Nugent, Missoula County Attorney, Missoula, Montana

For Appellees:

Thomas C. Orr, Thomas C. Orr Law Offices, Missoula, Montana

Submitted on Briefs:  September 10, 2014
Decided:  November 25, 2014

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Plaintiffs are a group of landowners (Landowners) who own property along South Avenue in Missoula, Montana. The City of Missoula (City) previously appealed the Fourth Judicial District Court's award compensating Landowners for the City's taking of their property to construct improvements along South Avenue. We affirmed the District Court's determination that Landowners were entitled to just compensation for the taking but reversed and remanded on other issues. In this second appeal, the City appeals the District Court's award of attorney's fees and costs incurred by Landowners during the prior appeal. We affirm.

## ISSUE

¶2 We restate the issue as follows:

¶3 Did the District Court err by awarding attorney's fees and costs to Landowners incurred during the prior appeal?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 The original dispute in this case arose after the City decided to undertake road improvements along South Avenue in Missoula, Montana. Landowners contested the City's assessment of the width of the right-of-way on a section of South Avenue. Landowners believed the City's improvements constituted a taking of their property without just compensation.

¶5 After a bench trial, the District Court held that the City's improvements required the use of land beyond its right-of-way and that the City's actions constituted a taking. The

court made findings of fact that calculated the amount of the final judgment at $22.52 per square foot, based on the value of a representative parcel of property on April 7, 2006.

¶6　　The City appealed the District Court's decision. This Court affirmed in part, reversed in part, and remanded for further proceedings. *Wohl v. City of Missoula*, 2013 MT 46, 369 Mont. 108, 300 P.3d 1119 (*Wohl I*). We remanded for redetermination of damages because the District Court relied on the value of a specific representative parcel, which had been determined by a sale that occurred approximately seven months after the City's improvement project had been completed. The same parcel had sold for $15.41 per square foot in March 2005, and another parcel in the vicinity sold around the same time for $15.00 per square foot for the bare land. We reversed the court's assessment of Landowners' damages for the City's taking of their land and remanded for a recalculation of damages that reflected the value of Landowners' property at the time the City seized it. *Wohl I*, ¶¶ 57, 74. We rejected Landowners' cross-appeal under 42 U.S.C. § 1983, which claimed damages and attorney's fees under §§ 1983 and 1988 for alleged violations of their rights under both state and federal law. *Wohl I*, ¶ 72.

¶7　　Additionally, we affirmed the District Court's award of fees and costs incurred in the underlying litigation as authorized by Article II, Section 29. *Wohl I*, ¶ 62. We also considered Landowners' claim to costs and attorney's fees associated with proving the fees and costs of the underlying litigation were reasonable and necessary. Such fees are called "fees for fees" and are generally disallowed. *See, e.g., Mont. Dept. of Hwys. v. McGuckin*, 242 Mont. 81, 788 P.2d 926 (1990). *Wohl I*, ¶ 65. We noted the District Court correctly denied Landowners' claim for "fees for fees," but erroneously prohibited Landowners'

3

counsel from charging his clients for the fee incurred in establishing the reasonableness of litigation expenses other than fees. *Wohl I*, ¶ 69. We therefore vacated and remanded in part, ruling that "Landowners' counsel may not charge his clients with the expense of proving the underlying *attorney's fees*, but he may pass on to his clients the expense of proving the underlying litigation expenses *other than attorney's fees*." *Wohl I*, ¶ 69 (emphasis in original). *Wohl I* therefore addressed multiple issues including the award of underlying litigation fees and expenses and the unacceptable "fees for fees" practice but it did not address whether Landowners were entitled to attorney's fees incurred during the appeal.

¶8 Landowners filed a petition for rehearing, arguing that the Court had "overlooked the material fact that [Landowners] requested attorneys' fees and costs incurred on appeal" and that our opinion conflicted "with a controlling decision." They asked the Court to award both attorney's fees and costs incurred for the appeal. The City opposed the petition. We denied the petition for rehearing, noting that we had not awarded appellate fees in *Wohl I* because Landowners had not presented appellate fees and costs as an issue on appeal nor had they presented argument or legal authority on the point. The Court's order on the petition for rehearing stated:

> [I]f the Court intends for attorney's fees to be awarded on appeal, it must say so. We did not expressly award [Landowners] their attorney's fees on appeal. We decline to do so now.

As to appellate costs, we pointed out that the District Court was authorized by the Montana Rules of Appellate Procedure to determine which party prevailed on appeal to this Court, and

to determine the amount of costs recoverable for the appeal on remand. M. R. App. P. 19(3) (Rule 19(3)).

¶9    On remand, Landowners agreed to reduce their "taken property" value to $15.41 per square foot. Landowners moved for a final judgment based on the lower per square foot value. They also asked the District Court to assess both attorney's fees and costs against the City for the appeal. The City opposed the motion, arguing that Landowners' request for attorney's fees already had been denied by this Court in its order on the petition for rehearing.

¶10   On November 15, 2013, the District Court issued an order determining that Landowners were the prevailing party on appeal. The court awarded Landowners' appellate attorney's fees and costs. The City objected again that this Court's order on the petition for rehearing precluded the award of appellate attorney's fees to Landowners. The City argued further that Landowners were not entitled to their appellate costs because the District Court incorrectly determined that Landowners were the "prevailing party" on appeal. The District Court entered a final judgment on March 5, 2014, awarding appellate attorney's fees of $33,406.11 and appellate costs of $1,697.37.

¶11   The City appeals the District Court's decision to award attorney's fees and costs incurred during the prior appeal.

## STANDARDS OF REVIEW

¶12   We review a district court's determination of which party prevailed for an abuse of discretion. *Whipps, L.L.C. v. Kaufman, Vidal, Hileman & Ramlow, P.C.*, 2007 MT 66, ¶ 6, 336 Mont. 386, 156 P.3d 11. A district court abuses its discretion when it acts arbitrarily,

5

without employment of conscientious judgment, or in excess of the bounds of reason, resulting in substantial injustice. *Whipps*, ¶ 6.

¶13 In an eminent domain case, as this one, a district court's award of "necessary expenses of litigation" to a prevailing private property owner is mandated by Article II, Section 29 of the Montana Constitution and § 70-30-305(2), MCA. We review a district court's decisions on constitutional issues and the interpretation and application of a statute for correctness. *Bryan v. Yellowstone Cty. Elem. Sch. Dist. No. 2*, 2002 MT 264, ¶ 16, 312 Mont. 257, 60 P.3d 381 ("A district court's resolution of an issue involving a question of constitutional law is a conclusion of law which we review to determine whether the conclusion is correct."); *State v. Am. Bank*, 2008 MT 362, ¶ 7, 346 Mont. 405, 195 P.3d 844 ("We review a district court's interpretation and application of a statute for correctness.").

¶14 We acknowledge the numerous cases in which we have applied a two-step standard of review as it applies to a grant or denial of attorney fees. We have stated that a district court's determination of whether legal authority exists to award attorney's fees is a conclusion of law we review for correctness. We then have applied the second step to review the district court's grant or denial of fees based upon the existing authority for an abuse of discretion. *See, e.g., Kuhr v. City of Billings*, 2007 MT 201, ¶ 14, 338 Mont. 402, 168 P.3d 615. This two-step standard of review remains applicable in cases where attorney fees are not mandated by the Montana Constitution or a statute but rather, for example, are governed by a discretionary statute such as § 2-3-221, MCA. ("A plaintiff who prevails in an action brought in district court to enforce the plaintiff's rights under Article II, section 9, of the

6

Montana constitution *may* be awarded costs and reasonable attorney fees.") (Emphasis added.)

## DISCUSSION

¶15 *Did the District Court err by awarding attorney's fees and costs to Landowners incurred during a prior appeal?*

¶16 The City argues that the District Court erred in awarding attorney's fees for the prior appeal because this Court already had considered and denied Landowners' claim for appellate attorney's fees before remanding the case to the District Court. It argues that our refusal to award fees in our Order on Rehearing constitutes "law of the case." We reject this argument.

¶17 The doctrine of "law of the case" provides that "[w]hen this Court, in deciding a case presented, states a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal." *Winslow v. Mont. Rail Link, Inc.*, 2005 MT 217, ¶ 30, 328 Mont. 260, 121 P.3d 506 (citation omitted). The doctrine is "limited to those issues which were actually decided and were necessary to the decision." *O'Brien v. Great N. Ry. Co.*, 148 Mont. 429, 440, 421 P.2d 710, 716 (1966).

¶18 In our rehearing order, we did not pronounce a principle or rule of law necessary to the decision; rather, we simply observed that we had not expressly awarded attorney fees in our *Wohl I* opinion, and "decline[d] to do so now." We "made no expression of opinion on the merits" of the Landowners' request for appellate fees. *See State ex rel Union Oil Co. v. Dist. Court*, 160 Mont. 229, 234, 503 P.2d 1008, 1011 (1972) (finding that this Court's

earlier denial of an application for a writ of supervisory control did not constitute "law of the case," as the denial presented "no expression of opinion on the merits of the case" nor did it "imply anything regarding our view of the merit of the arguments presented").

¶19 Moreover, even if the doctrine of law of the case arguably applied here, the decision of the District Court would not be precluded. Our rehearing order did not address the substantive question of whether the Landowners were entitled to appellate attorney fees under the Montana Constitution, nor did it preclude the District Court from taking up the issue on remand. Rather, we addressed the authorized award of costs to the "prevailing party" under Rule 19(3). We stated in the short paragraph in which we declined to award fees that "Rule 19 does not govern the award of fees on appeal." We made no reference to the constitutional right to attorney fees under Article II, Section 29, despite the fact that Landowners specifically sought an award of fees under the constitutional provision, and not Rule 19. Furthermore, we expressly deferred to the District Court the determination of who was the prevailing party, and it is this very determination that triggers a party's entitlement to attorney fees under Article II, Section 29 of the Montana Constitution. It therefore was appropriate that once the District Court concluded on remand that plaintiffs were the prevailing parties on appeal, it would then consider the propriety of appellate attorney fees under Article II, Section 29.

¶20 Article II, Section 29 of the Montana Constitution addresses eminent domain. It provides:

> Private property shall not be taken or damaged for public use without just compensation to the full extent of the loss having been first made to or paid into court for the owner. In the event of litigation, just compensation

8

shall include necessary expenses of litigation to be awarded by the court when the private property owner prevails.

¶21 We have held that "just compensation" as referenced in Art. II, Section 29 cases, includes attorney fees. *Galt v. State*, 230 Mont. 327, 331, 749 P.2d 1089, 1092 (1988). *See also Wohl I*, ¶ 60. We have also held that recovery in inverse condemnation cases—like this one—derives from the constitutional provision, and that "there is a clear constitutional requirement that attorney fees be paid in condemnation cases where the landowner prevails." *Rauser v. Toston Irrigation Dist.*, 172 Mont. 530, 545, 565 P.2d 632, 641 (1977). We noted in *Galt* "that just compensation, including necessary expenses of litigation, is constitutionally required where the State takes private property for public use." *Galt*, 230 Mont. at 334, 749 P.2d at 1094.

¶22 The determination of who is the prevailing party in a condemnation case is governed by specific statute. Section 70-30-305(2), MCA, provides that in the event of litigation, where the condemnee prevails by receiving an award in excess of the final written offer of the condemnor, "the court shall award necessary expenses of litigation to the condemnee." Here, the Landowners "prevailed" by recovering an amount in excess of that offered by the City of Missoula, which had offered them nothing when taking their property. It is this recovery that triggered the right to recover expenses of litigation including attorney fees and costs.

¶23 The Dissent posits that because we rejected Landowners' cross-appeal on their alleged civil rights violations and ruled in favor of the City on the calculation of the underlying damage award in *Wohl I*, this somehow mitigates against Wohls' entitlement to attorney

9

fees. This argument ignores the fact that Landowners plainly satisfied the requirements of § 70-30-305(2), MCA, as noted above, thus making the award of the expenses of litigation to them mandatory under the statute. The Dissent cites no authority for the apparent proposition that general "prevailing party" considerations with respect to ancillary claims should somehow trump a party's statutory entitlement to the recovery of "necessary expenses of litigation to the condemnee" under § 70-30-305(2), MCA.

¶24 The District Court correctly concluded that the Landowners have a constitutional right to be made whole through an award of attorney fees and costs on appeal. The court properly relied on *Galt*, in which we remarked upon the "imbalance between the resources available to the parties which should be redressed by requiring the state to bear full financial burden of the individual whose property is being condemned," and the Constitutional Convention's "abundantly clear" intention "to make the landowner whole in eminent domain proceedings to the extent that the amount of the judgment for the taking of his land and improvements would be a 'net recovery' with expenses of litigation assessed against the State, where the landowner prevailed." *Galt*, 230 Mont. at 332, 749 P.2d at 1092.

¶25 In *Wohl I*, we correctly affirmed the District Court's award of attorney fees incurred in the underlying litigation to the Landowners under Article II, Section 29 of the Montana Constitution. The District Court likewise had the authority to award appellate attorney fees and costs to the Landowners under § 70-30-305, MCA, Rule 19(3), *Galt* and *Rauser*.

¶26 As noted above, a trial court's decision as to whether legal authority exists to award attorney's fees is a conclusion of law, which we review for correctness. *Wohl I*, ¶ 29. In light of our unequivocal holding in *Rauser* that there is a clear constitutional requirement that

10

attorney fees be paid in condemnation cases where the landowner prevails, the trial court's conclusion of law that the prevailing plaintiffs are entitled to recover appellate attorney fees is patently correct. The foregoing authorities likewise support an award of costs to the prevailing party, as does M. R. App. P. 19(3), which provides that costs on appeal are to be awarded to the prevailing party "unless otherwise specifically provided" by this Court.

¶27     For the foregoing reasons, we affirm the District Court's award of $33,406.11 in appellate attorney's fees and $1,697.37 in costs as set forth in the court's March 5, 2014 Judgment.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ JIM RICE

Justice Beth Baker, concurring in part and dissenting in part.

¶28     The District Court erred in awarding the Landowners' attorney's fees for the prior appeal, and this Court errs in affirming that award. The parties already briefed, and we already considered and decided, the identical issue in the Landowners' petition for rehearing in *Wohl I*.

¶29     Landowners' petition for rehearing was limited to a single issue. They argued that the Court had overlooked their request for attorney's fees and costs for the appeal and asked the Court to award both. The City opposed the petition and we denied it, stating:

11

> [I]f the Court intends for attorney's fees to be awarded on appeal, it must say so. We did not expressly award [Landowners] their attorney's fees on appeal. We decline to do so now.

We pointed out that, in contrast to a fee award, costs automatically were allowed on appeal, subject to the District Court's determination of prevailing party status, and that the District Court was to determine the amount of costs recoverable for the appeal on remand. M. R. App. P. 19(3).

¶30    A prior decision or order of a court resolving an issue is binding between the same parties in later litigation. *In re Estate of Snyder*, 2009 MT 291, ¶ 6, 352 Mont. 364, 217 P.3d 1027; *LeMond v. Yellowstone Dev., LLC*, 2014 MT 181A, ¶ 41, ___ Mont. ___, ___ P.3d ___ (noting that courts generally "refuse to reopen what has been decided"). "'The general rule in Montana is that where a decision has been rendered by the Supreme Court on a particular issue between the same parties in the same case, whether that decision is right or wrong, such decision is binding on the parties and the courts and cannot be relitigated in a subsequent appeal.'" *Grenfell v. Anderson*, 2002 MT 225, ¶ 19, 311 Mont. 385, 56 P.3d 326 (quoting *Belgrade State Bank v. Swainson*, 176 Mont. 444, 446, 578 P.2d 1166, 1167 (1978)).

¶31    Landowners' ten-page petition for rehearing specifically requested clarification of a "narrowly defined issue" regarding this Court's failure to award attorney's fees and costs incurred during the prior appeal. Just as in their brief in this appeal, they argued that they were the prevailing parties on appeal and were entitled to fees as a necessary expense of litigation under Article II, Section 29 of the Montana Constitution. We denied their petition unequivocally. Our denial of fees in the prior appeal "actually decided" the issue of

12

appellate attorney's fees and is the law of the case. *O'Brien v. Great N. R.R. Co.*, 148 Mont. 429, 440, 421 P.2d 710, 716 (1966).

¶32 I therefore would not address Landowners' argument that attorney's fees were required by the "just compensation" clause in Article II, Section 29. *Galt v. State*, 230 Mont. 327, 334, 749 P.2d 1089, 1094 (1988). Although Landowners did not include this constitutional argument in their principal briefs during the prior appeal, it was the exclusive focus of their rehearing petition. We noted in our rehearing order that "[Landowners'] briefs on appeal did not identify this as a separate issue or present argument and legal authority on the point, but included in their concluding paragraph a request that the Court '[require] the City to pay all of Plaintiffs' reasonable attorney fees and costs incurred on appeal.'" They did not present this argument until their petition for rehearing, and we declined to adopt it at that time. Our rejection of their arguments on rehearing forecloses their consideration now.

¶33 Further, it is not as if we simply overlooked those arguments. Our opinion in *Wohl I* affirmed the District Court as to the City's liability, but we rejected Landowners' cross-appeal on their alleged civil rights violations under 42 U.S.C. §§ 1983 and 1988, and ruled in the City's favor on the calculation of the underlying damage award, as well as a portion of the fee award. These were not insignificant issues on appeal, yet Landowners had presented no argument or authority as to whether fees nonetheless should be awarded or how, if at all, they should be apportioned. *See* M. R. App. P. 12(1)(f); *State v. Garrymore*, 2006 MT 245, ¶ 38, 334 Mont. 1, 145 P.3d 946 (declining to address argument that was "too undeveloped to undertake a distinctive application of state constitutional principles"); *State v. Rosling*, 2008 MT 62, ¶ 66, 342 Mont. 1, 180 P.3d 1102 (same); *State v. Baker*, 2008 MT 396, ¶ 18,

13

347 Mont. 159, 197 P.3d 1001 (rejecting appellant's claim where she "advanced no case law and presented no legal analysis in support of her constitutional arguments"). We considered Landowners' cursory demand for attorney's fees and declined to award them for the appeal. *See State v. Slack*, 2001 MT 137, ¶ 35, 305 Mont. 488, 29 P.3d 503.

¶34 The Court points out that we deferred to the District Court the determination of which party prevailed on appeal. Opinion, ¶ 19. But that determination was for the purpose of awarding costs, as expressly provided in M. R. App. P. 19(3). "This rule makes clear that the District Court is entitled to make the decision as to which party prevailed on appeal to this Court." *Williamson v. Mont. PSC*, 2012 MT 299, ¶ 14, 367 Mont. 379, 291 P.3d 1116. Rule 19(3) addresses only the award of costs, and makes an award of appellate costs purely a matter within the discretion of the District Court, unless this Court "otherwise specifically provide[s]."

¶35 On the contrary, Rule 19 does not address an award of attorney's fees. Our rehearing order correctly observed that the Rule does not permit an award of appellate fees unless we "say so." Appellate fees, if they were to be allowed, had to be authorized by this Court and were not.

¶36 Our order on the petition for rehearing resolved the issue after briefing by the parties by declining to award fees. That ruling became the law of the case; as such, it was binding on the District Court "whether that decision is right or wrong . . . ." *Grenfell*, ¶ 19. Even if the Court now believes it made a mistake, its rationale today, which was not articulated at the time the petition for rehearing was denied, is too late.

14

¶37 I agree that the award of appellate costs should be affirmed, but I dissent from the decision affirming attorney's fees for the prior appeal.

/S/ BETH BAKER