FILED

February 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0479

DA 14-0479

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 50N

FAITH MALPELI,

        Plaintiff and Appellant,

   v.

THE STATE OF MONTANA,
DEPARTMENT OF TRANSPORTATION,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV-10-105B
                Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Wade J. Dahood, Jeffrey W. Dahood, Knight & Dahood, Anaconda,
                Montana

        For Appellee:

                David L. Ohler, Eli Z. Clarkson, Special Assistant Attorneys General,
                Montana Department of Transportation, Helena, Montana

                              Submitted on Briefs:  January 14, 2015
                                    Decided:  February 17, 2015

Filed:

                                         Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Faith Malpeli appeals from an order entered by the Eighteenth Judicial District Court, Gallatin County, denying her motion for scheduling conference and closing Malpeli's case. We affirm.

¶3 Malpeli filed a Complaint for Inverse Condemnation and Demand for Jury Trial on January 29, 2010. In her Complaint, Malpeli alleged that the Department of Transportation had taken her reasonable and safe access to her residential property and had caused damage to her property. Prior to trial, the parties prepared a Pre-Trial Order which was signed by both parties and the court. In the Pre-Trial Order, Malpeli's contentions included the same allegations that were contained in her Complaint. More specifically, Malpeli contended that "[a]s a result of the safety improvement construction project of Highway 191 in June 2008," Malpeli's "safe, reasonable and convenient access to her property was taken from her." Malpeli also contended that the Department's actions "caused damage to her property and property rights."

¶4 On February 17, 2011, the Department filed a motion to bifurcate the trial. Malpeli opposed the motion asserting that her right of access and property damage were fact issues for the jury to decide. The court denied the Department's motion to bifurcate.

¶5 The case proceeded to trial on Malpeli's assertions. During trial, however, Malpeli limited her production of evidence to the alleged taking of her reasonable and safe access to her residential property. Malpeli did not present any evidence to the jury regarding damage to her property. Following a four day jury trial, a verdict was rendered finding that the Department had not taken Malpeli's property. Malpeli appealed the jury's verdict. We affirmed judgment in favor of the Department. *Malpeli v. State*, 2012 MT 181, ¶ 30, 366 Mont. 69, 285 P.3d 509. On September 24, 2012, the District Court issued an order closing the case.

¶6 Over one year later, on February 6, 2014, Malpeli filed a motion in the District Court requesting a scheduling conference. Following the response from the State and Malpeli's additional request for oral argument, the District Court issued its decision denying Malpeli's request for scheduling conference on July 8, 2014. The District Court found it unnecessary to have oral argument. Based upon the Complaint and Pre-Trial Order, the District Court determined it was the understanding of the parties and the court that the damages issue would be heard during the jury trial. The District Court observed that it denied the Department's request to bifurcate trial and that to allow Malpeli to have a trial on her damage issue would frustrate the policy behind the doctrine of res judicata. The District Court found that Malpeli "cannot now change her mind and have a new trial on an issue that could have and should have been litigated at the August 2011 trial."

¶7 Malpeli argues that the District Court erred in denying her request for a scheduling conference on the basis of res judicata because there was no evidence presented at trial on

the issue of damages. Malpeli asserts there was "not any adjudication of the damages cause of action."

¶8 As the District Court observed, the damages issue was to be heard at the August 2011 trial. Malpeli never produced evidence of damages during the trial and she did not seek a pre-trial order bifurcating the damages issue from the loss of access issue. Indeed, she opposed such a request by the Department.

¶9 The District Court correctly applied the law to the facts of this case. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions.

¶10 Affirmed.


/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ JIM RICE


Justice Beth Baker, dissenting.

¶11 Despite the plaintiff's procedural missteps in this case, I would reverse based upon a landowner's "constitutional right to be made whole" under Article II, Section 29 of the Montana Constitution for a taking or damaging of her property, *Wohl v. City of Missoula*, 2014 MT 310, ¶ 24, 377 Mont. 148, 339 P.3d 58.

¶12 The doctrine of res judicata is not rigid. It does not, for example, "prevent the court from correcting manifest error in its former judgment. . . . '[or] require[] it to adhere

4

to an unsound declaration of the law.'" *State v. Southwick*, 2007 MT 257, ¶ 16, 339 Mont. 281, 169 P.3d 698 (quoting *Fiscus v. Beartooth Elec. Coop.*, 180 Mont. 434, 437, 591 P.2d 196, 198 (1979)). We have eschewed the application of such a procedural bar where to invoke it would "work[] a gross injustice on plaintiff and help[] no one." *Perkins v. Kramer*, 121 Mont. 595, 600, 198 P.2d 475, 477 (1948) (Cheadle, J., concurring). We reaffirmed in *Southwick* that "'[c]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged.'" *Southwick*, ¶ 16 (quoting *Kills On Top v. State*, 279 Mont. 384, 400, 928 P.2d 182, 192 (1996)). Indeed, this Court granted relief in *Wohl* despite the fact that we had denied the plaintiffs' petition for rehearing in their prior appeal on the same ground. *See Wohl*, ¶ 29 (Baker, J., dissenting).

¶13 If in fact the State of Montana damaged Malpeli's private property during its road construction project, the Constitution entitles her to be made whole. Her counsel's decision on the opening day of trial not to pursue her damage claim should not defeat that entitlement. Under the circumstances, I would invoke our "sparingly exercised" power (*Fiscus*, 180 Mont. at 437, 591 P.2d at 198) to reject the application of res judicata to Malpeli's damage claim.


/S/ BETH BAKER


Justice Michael E Wheat joins in the dissenting Opinion of Justice Baker.


/S/ MICHAEL E WHEAT


5