FILED

March 15 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0274

DA 15-0274

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 64N

GLEN and JOHANA WOHL, et al.,

      Plaintiffs and Appellants,

  v.

CITY OF MISSOULA and JOHN DOES 1-20,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
                 In and For the County of Missoula, Cause No. DV-05-389
                 Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Thomas C. Orr, Thomas C. Orr Law Offices, Missoula, Montana

      For Appellees:

          Martin S. King, Worden Thane PC, Missoula, Montana

          Jim Nugent, City Attorney, Missoula, Montana

                      Submitted on Briefs:  February 10, 2016

                                   Decided:  March 15, 2016

Filed:

                                 _____
                                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Glen and Johanna Wohl, et al., appeal from the District Court's Order for Satisfaction of Judgment and Final Relief, filed April 23, 2015. We affirm.

¶3     This case involves a right-of-way dispute between the City of Missoula and residents along a stretch of South Avenue. The dispute has been to this Court twice before. In *Wohl v. City of Missoula*, 2013 MT 46, 369 Mont. 108, 300 P.3d 1119, we affirmed the District Court's decision that the City's street improvements had taken plaintiffs' property and that they were entitled to just compensation. We remanded for a determination of damages. In *Wohl v. City of Missoula*, 2014 MT 310, 377 Mont. 148, 399 P.3d 58, we affirmed the District Court's award of attorney fees and costs to the plaintiffs, incurred during the prior appeal.

¶4     In February 2015 plaintiffs filed a request for supplemental relief, seeking a declaration that the retracement survey at issue, COS 5007, is null and void, and a declaration that the City be required to prepare plats of each of the landowners' properties. The City filed a request that the District Court enter a final order closing the case. The District Court received briefs and held a hearing, and in April 2015 entered its

2

Order for Satisfaction of Judgment and Final Relief. The order denied the plaintiffs' request for an order declaring COS 5007 null and void, and denied plaintiffs' request for additional lot surveys. The order authorized the City to acquire all necessary rights of way along South Avenue and to then file and record a "Retracement Certificate of Survey" showing the "location of the entire South Avenue public right-of way." Finally, the order granted the City's request for an order requiring that plaintiffs execute a Satisfaction of Judgment in return for the City's payment of $344,469.91 in damages, attorney fees and costs. The parties do not dispute that plaintiffs are entitled to that amount of money from the City and the District Court had authority to enter the order.

¶5 Plaintiffs contend that the District Court had authority under § 27-8-313, MCA, to grant "further relief" in a declaratory judgment action "whenever necessary or proper." Plaintiffs contend that the District Court abused its discretion by denying their request for the supplemental relief.

¶6 We affirm the District Court's order. While a district court has discretion to enter supplemental relief under § 27-8-313, MCA, it does so as an exercise of its sound discretion based upon the facts and circumstances of the case. *Public Land & Water Access Assoc. v. Jones*, 2013 MT 31, ¶ 8, 368 Mont. 390, 300 P.3d 675. Here the District Court has dealt with this dispute for years and is familiar with the facts and the issues. Prior to plaintiffs' recent request, there had been no request to declare COS 5007 null and void. Prior to plaintiffs' recent request, there had been no issue as to whether the City should be obligated to survey the properties of the adjoining landowners. As the District Court stated, the record reflected that COS 5007 is "a valid and accurate retracement"

3

that depicts the lot lines and boundaries of the properties along South Avenue. Further, COS 5007, as a public record, had been relied upon by other surveyors working in the area.

¶7 Over the years of this litigation, plaintiffs prevailed on their condemnation claim, on their claims for damages, and on their claims for attorney fees. The District Court was well within its discretion to consider the case "concluded" after the second appeal and to refuse to embark upon a new stage of litigation involving the issues raised by plaintiffs. We find no basis upon which to conclude that the District Court abused its discretion in entering the order at issue in this appeal.

¶8 The City requests that this Court award it attorney fees and costs for this appeal pursuant to M. R. App. P. 19(5). We find no basis upon which to award additional attorney fees to any party. However, the City is entitled to costs on appeal as the prevailing party pursuant to M. R. App. P. 19(3)(a).

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE

4